**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

**HUDSON JONES** **CIVIL ACTION**

**VERSUS** **NO: 12-2887-SM-SS**

**CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, et al**

**REPORT AND RECOMMENDATION**

Before the undersigned are: (1) the motion of the defendant, Ian Wallace ("Wallace"), to dismiss (Rec. doc. 23; (2) the motion of the defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Commissioner"), to dismiss (Rec. doc. 26); and the motion of the plaintiff, Hudson Jones ("Jones"), to strike motion to dismiss (Rec. doc. 28). Hudson is proceeding in proper person. For the reasons described below, it is recommended that the motions of the Commissioner and Wallace to dismiss be granted and that Hudson's motion be denied.

Background

On January 27, 1994, an Administrative Law Judge ("ALJ") determined that the payment of disability insurance benefits to Jones must be suspended effective June 1992. The ALJ made the following findings:

1. On May 25, 1990, Jones was found entitled to a period of disability commencing on April 19, 1989 and disability insurance benefits.

2. In June 1992, Jones was sentenced to life in prison for the felony offense of rape.

3. Jones is incarcerated in the Jefferson City Correctional Center.

4. The evidence does not establish that Jones is actively and satisfactorily participating in a rehabilitation program that could result in his performance

of substantial gainful activity upon release and within a reasonable time.

5. A court has not specifically approved a rehabilitation program for Jones.

6. Beginning with the month of June 1992, the payment of disability insurance benefits to Jones must be suspended pursuant to Section 202(x)(1) of the Social Security Act.

Rec. doc. 26 (Exhibit 1).

On May 8, 2012, Jones filed a petition for writ of mandamus in the Eastern District of Missouri.[1] The only defendant was the Commissioner. Rec. doc. 26 (Exhibit 3). District Judge Ross described the petition as follows:

> Petitioner claims that he was unlawfully denied Social Security benefits for nine months in 1991, because the Social Security Administration cut off his payments when he was accused of a crime but had not yet been convicted. Petitioner says that he was unable to afford to hire counsel as a result, and he claims he was denied effective assistance of counsel because the public defender was incompetent. Petitioner was convicted, and he argues that his current imprisonment is therefore unlawful. He seeks compensation for unpaid benefits and for time spent "illegally" imprisoned.

Rec. doc. 26 (Exhibit 4 at 3). District Judge Ross determined that the petition was frivolous and malicious and dismissed it. Id. Wallace reports that the Court of Appeals for the Eighth Circuit affirmed the dismissal of the petition. Rec. doc. 23 (Memorandum at 3).

On November 30, 2012, Jones tendered for filing in the Eastern District of Louisiana a petition for writ of mandamus nearly identical to the one filed in May 2012 in Missouri. Although he added Wallace, a Missouri prison warden, as a defendant to the Louisiana federal court filing, there is no mention of him in the petition.

---

[1] CA 12-77 in that court.

Defendants' Motions to Dismiss

The Commissioner contends that Hudson's complaint fails to state a claim upon which relief can be granted because his incarceration ended his disability insurance benefits. Although Hudson alleges that he should have been paid benefits between his arrest and conviction,[2] his benefits were not suspended until June 1992 when he was convicted of a felony. Pursuant to 42 U.S.C. § 402(x), a claimant cannot receive benefits if he is a resident in a public institution.

The Commissioner and Wallace contend that the petition should be dismissed as frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B)(i). District Judge Ross stated:

> Nothing about this case is extraordinary. This is merely one of the several types of frivolous actions prisoners file to harass the government. Moreover, petitioner has failed to cite any statute or provision of the Constitution showing he is entitled to relief. Finally, state prisoners may not attack the legality of their sentences through a petition for writ of mandamus or an action under the laws governing Social Security benefits. Such relief is only available under 28 U.S.C. § 2254. As a result, the Court finds this action to be both frivolous and malicious.

Rec. doc. 26 (Exhibit 4 at 4). For the reasons described by District Judge Ross, Jones' petition must be dismissed under Section 1915(e)(2)(B)(i).

Further, the Commissioner and Wallace contend that Jones' claims are barred by the doctrine of *res judicata*. Preclusion of a claim under *res judicata* principles requires four elements: (1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases. In re Ark-La-Tex Timber Co., 482 F.3d

[2] Hudson alleges that "the respondents illegally and unconstitutionally suspended his duly entitled benefits 9 months prior to his conviction for a felony. . . ." Rec. doc. 6 at 7.

319, 330 (5th Cir. 2007). Each of these elements is present in Jones' action. Accordingly;

**RECOMMENDATION**

IT IS RECOMMENDED that: (1) the motions of the Commissioner and Wallace to dismiss (Rec. docs. 26 and 23) be GRANTED; and (2) the motion of Jones to strike (Rec. doc. 28) be DENIED.

**OBJECTIONS**

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 27th day of June, 2013.

**SALLY SHUSHAN**
**United States Magistrate Judge**